IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Lee Walden Menius, | ) C/A No. 0:18-249-RMG-PJG |
| Plaintiff, | ) |
| v. | ) **ORDER REGARDING** |
| | ) **AMENDMENT OF COMPLAINT** |
| South Carolina Law Enforcement Division; South Carolina, *D.E.A.*; South Carolina Department of Corrections; Darlington County Court District; Benjamin Gosnell; All other undercover Agents within SCDC; All other Agents withn SCDC, | ) |
| Defendants. | ) |

The plaintiff, Steve Lee Walden Menius, proceeding *pro se*, brings this action against the defendants. The Complaint has been filed pursuant to 28 U.S.C. § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.      Factual and Procedural Background**

Plaintiff indicates he was convicted of an unspecified offense in Darlington County, and the court refused to "treat" him for "social disease from being molested" by his foster parent. (Compl., ECF No. 1 at 5.) He also indicates he was the victim of a beating by five fellow inmates at the Broad River Correctional Institution, who recorded by the beating and posted the video online. (Id. at 5-6.) He further indicates "someone continually tried to have me murdered" on the "Dark Web," and he had to cut himself to "escape," in which Plaintiff apparently means he was transferred to Lee

Correctional Institution. (Id.) At Lee, Plaintiff alleges he was subjected to "psychological shock therapy" and "undercover agents" gave him a cure for anti-social personality disorder. (Id.) He alleges he was not able to get medical treatment for his injuries from the beating because he had been labeled a snitch. (Id.) In a supplement to the Complaint, he alleges the South Carolina Department of Corrections has undercover agents which threaten his life in conjunction with prison gangs. (Suppl., ECF No. 3.)[1]

Plaintiff alleges his Eighth and Fourteenth Amendment rights were violated—specifically, he alleges Darlington County violated his Fourteenth Amendment rights by diagnosing him with a personality disorder but not letting him defend himself. (Compl., ECF No. 1 at 6.) As to relief, he indicates his case is not about money, and instead he wants "justice." (Id.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] In a later-filed supplement to the Complaint, Plaintiff shares his views on society at large, but does not appear to provide any more allegations about the incidents in his original pleading. (ECF No. 4.)



This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The court finds Plaintiff's Complaint fails to show that the court has jurisdiction over this matter. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v.



Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Though Plaintiff provides conclusory references to two constitutional amendments, it is not clear that he intends to raise a constitutional claim. Conclusory statements without supporting facts or citation to specific legal precedent establishing a cause of action they seek to pursue fails to adequately establish federal question jurisdiction under Rule 8. See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal

PJG

citations and quotation marks omitted).² Therefore federal question jurisdiction does not exist in this case.³

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn.13-16 (1978). In absence of diversity of citizenship, the amount in controversy is irrelevant. Here, all of the named defendants appear to be South Carolina residents or entities. Accordingly, diversity jurisdiction does not exist in this case.

Consequently, Plaintiff's Complaint is subject to summary dismissal for failure to invoke the court's subject matter jurisdiction. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.⁴ If Plaintiff

---

² Also, Plaintiff's assertion that he seeks "justice" is not sufficient to inform the court as to what relief he seeks in this matter.

³ Moreover, to the extent Plaintiff seeks to raise constitutional claims in this case, he fails to plead facts that would plausibly show any of the named defendants violated his constitutional rights. See Iqbal, 556 U.S. at 678 (explaining the requirements for pleading in Federal Rule of Civil Procedure 8); Twombly, 550 U.S. at 555. Nor does he provide facts that would suggest that the named individual defendants were personally involved in a violation of Plaintiff's rights. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.'") (quoting Vinnedge v. Gibbs, 550 F.2d, 928 (4th Cir. 1977)).

⁴ Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A.



fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 2, 2018
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *__ALL__* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).