IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Steve L. W. Menius, | ) | Civil Action No. 0:18-249-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Stephane, *at Broad River*; Warden | ) | |
| Joyner, *at Lee*; Mrs. Bush, *(Classification)*; | ) | |
| Counselor Howle; Officer Locklear, | ) | |
| *F-5 Unit*; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 79) recommending that the Court dismiss Plaintiff's claims for failure to exhaust his administrative remedies. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and Plaintiff's claims are dismissed for failure to exhaust his administrative remedies.

**I.  Background**

Plaintiff Steve L. W. Menius brought this suit pursuant to 42 U.S.C. § 1983, claiming that Defendants violated his constitutional rights by deliberate indifference and failure to protect him from inmate violence while Plaintiff was in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges several specific incidents where he was assaulted by fellow inmates. (Dkt. No. 10 at 5 – 6.) Defendant has since filed three grievances in 2018 related to these allegations: the first on January 18, the second on January 30, and the last on February 5. (Dkt. No. 50-1 at 15 – 17.) He did not file a step 2 grievance for any of these grievances. (*Id.*)

Defendants moved for summary judgment (Dkt. No. 50), Plaintiff filed a response in opposition (Dkt. Nos. 58, 59). The Magistrate Judge issued the R & R on October 19, 2018,

recommending that the Plaintiff's claims be dismissed for failure to exhaust his administrative remedies. (Dkt. No. 79.) Plaintiff objected to the R & R. (Dkt. No. 81.)

## II. Legal Standard

### A. Summary Judgment

A district court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically objects to. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v.*

*Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Petitioner filed objections in this case, and the R & R is therefore reviewed *de novo*.

### III. <u>Discussion</u>

The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Exhaustion is required even where a prisoner seeks remedies, such as monetary damages, that are not available at an administrative proceeding. *See Booth v. Churner*, 532 U.S. 731, 740 (2001). It is the defendant's burden to establish that a plaintiff failed to exhaust his administrative remedies. *See Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to SCDC policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve the complaint. Next, an inmate may file a "Step 1 Grievance" with prison staff, and appeal the decision via a "Step 2 Grievance" to the warden.

Plaintiff did not file a Step 2 Grievance or an appeal of any of his grievances. Instead, each is marked as "accepted" and resolved via informal measures. (Dkt. No. 50-1 at 15 – 17.) Plaintiff does not dispute this in his objections, and instead focuses on the merits of his Complaint and actions from January 6, 2018, prior to the filing of the Step 1 Grievances. Therefore, Plaintiff has

presented no evidence that he actually filed an appeal or a Step 2 Grievance and exhausted his administrative remedies. Furthermore, to the extent Plaintiff attempted to exhaust his administrative remedies after filing this action, his claims nonetheless are subject to dismissal because exhaustion is a prerequisite to suit and must be completed prior to filing a complaint. *See Cabbagestalk v. Ozmint*, No. CA 9:06-3005-MBS, 2007 WL 2822927, at *1 (D.S.C. Sept. 27, 2007) ("court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.") (colleting cases). Therefore, it is clear that Plaintiff failed to exhaust his claims before he filed this action.

Finally, Plaintiff objects to the Magistrate Judge's determination that Defendant Howle was never properly served in this action, arguing that he never noticed the remarks stating that the marshals could not find Defendant Howle. (Dkt. No. 81 at 1.) Regardless, the claims against all defendants are subject to dismissal because of Plaintiff's failure to exhaust his administrative remedies.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 79) as the Order of the Court and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to exhaust his administrative remedies.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 5, 2018
Charleston, South Carolina